DEC - 5 2017

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RAYMOND COLEMAN, )
)
Plaintiff, )
)
v. ) Civil Action No. 3:16CV961–HEH
)
CORRECTIONAL OFFICER )
K McNELIS, et al. )
)
Defendants. )

## MEMORANDUM OPINION
(Denying Motions for Summary Judgment)

Raymond Coleman, a Virginia prisoner proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983.[1] As pertinent here,[2] Coleman contends that Correctional Officers K. McNelis and N. Melton violated his rights under the Eighth

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] In his Complaint, Coleman also listed as defendants a number of unnamed employees of the Virginia Department of Corrections and Armor Correctional Health Services, Inc. Coleman, however has failed to identify these individuals or serve them with a copy of the Complaint. The Court employs the pagination assigned to Coleman's submissions by the CM/ECF docketing system.

Amendment[3] and acted with gross negligence when they failed to protect him from an assault by another inmate on November 24, 2014. (Compl. 2, 11–13.)

K. McNelis and N. Melton ("Defendants") have filed separate Motions for Summary Judgment (ECF Nos. 14, 26).[4] Defendants have each provided Coleman with appropriate *Roseboro*[5] notice. (*See* ECF Nos. 16, 28.) Coleman has responded to the Defendants' Motions for Summary Judgment. (ECF Nos. 18, 19, 30, 31.) For the reasons set forth below, the Motions for Summary Judgment will be denied without prejudice.

## I. DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

---

[3] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[4] The Court notes that although Defendants filed separate Motions for Summary Judgment, they are represented by the same counsel and their motions present identical Statements of Facts, Arguments, Affidavits, and Exhibits. (*See* Mem. Supp. Mot. Dismiss, ECF Nos. 15, 27.) Therefore, the Court analyzes the motions as one.

[5] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

Defendants moved for summary judgment on the ground that Coleman failed to properly exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).[6] Because exhaustion of administrative remedies is an affirmative defense, Defendants bear the burden of pleading and proving lack of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

Defendants contend that Coleman failed to properly exhaust his administrative remedies because he failed to pursue any grievances during the thirty-day period after the assault on November 25, 2014, as prison rules required. The record before the Court is inadequate for the Court to evaluate whether Coleman was able to avail himself of any available administrative remedies during that timeframe. *See Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (citation omitted) (observing that "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it"). Further, the record is unclear as to when Coleman first began pursuing administrative remedies with respect to the November 25, 2014 incident. Therefore, the Motions for Summary Judgment (ECF Nos. 14, 26) will be denied without prejudice. Nevertheless, the Court will grant the Defendants leave to refile their Motions for Summary Judgment and re-raise their exhaustion defense and address the merits of Coleman's Complaint. *See* E.D. Va. Loc. Civ. R. 56(c).

---

[6] "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies *as are available* are exhausted." 42 U.S.C. § 1997e(a) (emphasis added).

3

If the Defendants choose to renew their motion for summary judgment on the ground that Coleman failed to exhaust his administrative remedies, the Defendants should address:

> (1) Coleman's submission of a "Grievance Receipt" indicating that he filed a grievance pertaining the November 25, 2014 incident as early as February 2015 (ECF No. 1–2, at 6);
> (2) Coleman's submission of a response to a Regular Grievance dated May 5, 2015 stating "13 Informals written" (*id.* at 2);
> (3) Coleman's available administrative remedies while housed in the Greensville Correctional Center's Medical Unit (*see* Compl. ¶ 31.); and
> (4) Coleman's ability to avail himself of any available administrative remedies while housed in Greenville Correctional Center's Medical Unit (*see id.* ¶ 33).

Further, the Court expects the parties to abide by Local Civil Rule 56(B), which requires that:

> Each brief in support of a motion for summary judgment shall include a specifically captioned section listing all material facts as to which the moving party contends there is no genuine issue and citing the parts of the record relied on to support the listed facts as alleged to be undisputed. A brief in response to such a motion shall include a specifically captioned section listing all material facts as to which it is contended that there exists a genuine issue necessary to be litigated and citing the parts of the record relied on to support the facts alleged to be in dispute. In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

E.D. Va. Loc. Civ. R. 56(B).

## II. CONCLUSION

For the foregoing reasons, Defendants Motion for Summary Judgment (ECF Nos. 14, 26) will be denied without prejudice. Any party wishing to file a renewed

4

Motion for Summary Judgment must do so within sixty (60) days of the date of entry hereof.

An appropriate order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Dec. 4, 2017
Richmond, Virginia